Dubois v. US Dept. of Agriculture     CV-95-50-B     06/30/95

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Roland Dubois, et al.</u>

    v.                                    Civil No. 95-50-B

<u>U. S. Dept. of Agriculture, et al.</u>


<u>**O R D E R**</u>

The United States Forest Service has approved a plan by Loon
Mountain Recreation Corporation to improve and expand a ski area
it operates in part on federal land.  Roland Dubois argues that
the Forest Service acted illegally in approving Loon's expansion
plans because: (1) the approval violates the Clean Water Act
("CWA") by allowing Loon to discharge water taken from the East
Branch of the Pemigewasset River into Loon Pond without first
obtaining a National Pollution Discharge Elevation System
("NPDES") permit, <u>see, e.g.</u>, 33 U.S.C.A. § 1342; (2) the approval
violates state water quality standards because it permits Loon to
degrade the quality of Loon Pond; and (3) the Environmental
Impact Statement ("EIS") prepared by the Forest Service to
evaluate Loon's proposal failed to comply with the National
Environmental Policy Act ("NEPA"), 42 U.S.C.A. § 4332.  In his
current motion, Dubois seeks to preliminarily enjoin the Forest

Service from authorizing Loon to proceed with its expansion plans.

Dubois is not entitled to a preliminary injunction unless he can establish that he is likely to prevail on one or more of his claims for relief. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). For reasons that I will describe briefly below and in greater detail in a future memorandum opinion, I conclude that Dubois is unlikely to succeed on the merits of any of these claims.

First, Loon does not need an NPDES permit in order to discharge water from the East Branch into Loon Pond. An NPDES permit is required only when the activity in question will result in the "discharge of any pollutant." 33 U.S.C.A. § 1342(a)(1). The CWA defines "discharge of a pollutant" as "any addition of any pollutant to navigable waters from any point source." 33 U.S.C.A. § 1362. Loon's proposal does not require an NPDES permit because pumping water from the East Branch into Loon Pond diverts and combines navigable waters rather than adds any pollutant to said waters from an external source. See National Wildlife Fed'n v. Consumers Power Co., 862 F.2d 580, 589 (6th Cir. 1988); National Wildlife Fed'n v. Gorsuch, 693 F.2d 156, 177 (D.C. Cir. 1982). Since Loon does not propose "any addition" of

2

any pollutant to Loon Pond, it need not obtain an NPDES permit.

Second, the Forest Service did not act illegally in concluding that Loon's proposed use of the pond would comply with New Hampshire's water quality standards. The CWA requires each state to develop and administer comprehensive water quality standards. 33 U.S.C.A. § 1313. If an applicant for a federal permit proposes an activity that may result in "any discharge into navigable waters," the applicant must obtain a certification from state authorities that the proposed activity will not violate state water quality standards. 33 U.S.C.A. § 1341(a). The federal permitting authority is not authorized to review the adequacy of a certification pursuant to this section even if the agency is required to prepare an environmental impact statement before issuing the permit. 33 U.S.C.A. § 1371(c)(2)(A); see generally, New England Coalition on Nuclear Pollution v. United States Nuclear Regulatory Comm'n, 582 F.2d 87, 98 (1st Cir. 1978) (citing § 1371(c)(2)(A) and concluding that NEPA did not require the NRC to independently review the adequacy of conclusions committed by law to the special expertise of another federal agency); Roosevelt Campobello Int'l Park Comm'n v. United States EPA, 684 F.2d 1041, 1057 (1st Cir. 1982) (citing § 1371(c)(2) and concluding that the EPA lacked authority to review the adequacy

3

of conditions imposed by the state in issuing a CWA certification).  Instead, challenges to the validity or adequacy of state certifications must be made in state court.  <u>Roosevelt Campobello</u>, 684 F.2d at 1057.  In the present case, the New Hampshire Department of Environmental Services certified that the proposed use of Loon Pond would not violate New Hampshire's water quality standards and that certification went unchallenged in state court.  Thus, the Forest Service did not act unlawfully in relying on the state's certification.

Finally, Dubois has not demonstrated that he is likely to succeed on his claim that the Forest Service prepared an inadequate EIS.  Dubois argues that the EIS is deficient because: (1) it fails to include certain information that the Forest Service needed to properly evaluate the proposal's effect on the aquatic biology of Loon Pond; and (2) the EIS fails to identify and assess reasonable alternatives presented during the review process.  Given the relatively forgiving standard under which such claims are judged, <u>see</u> <u>generally</u>, <u>Valley Citizens for a Safe Environment v. Aldridge</u>, 886 F.2d 458, 459-60 (1st Cir. 1989), neither argument rises to the level of a NEPA violation.

The EIS concludes that the pond's ecosystem will not change significantly if Loon is allowed to proceed with its proposal

4

"since the pond ecosystem is relatively simple, is comprised of common organisms and the area most affected would be the shallow, narrow ring around the margin of the pond that has been subject to past fluctuations."  The Forest Service bases this conclusion on data from several sources including water samples taken from the pond in 1988, a sampling of invertebrates from the pond's narrow band of shallow water, observations of the pond at various times including the period following the 10.5-foot drawdown of the pond in 1989, and historical information concerning other regular drawdowns.  Dubois suggests that this information should have been supplemented with additional studies.  While it is always possible to identify additional data that might have been collected to more thoroughly examine a potential impact, the record does not establish that the information Dubois claims is missing was reasonably necessary to a reasoned evaluation of the potential impact of the project on the aquatic biology of Loon Pond.  Therefore, the failure to include this information in the EIS does not violate NEPA.

NEPA also requires that an agency "rigorously explore and objectively evaluate all reasonable alternatives, and for

alternatives which were eliminated from detailed study, briefly discuss the reasons for their having been eliminated." 40 C.F.R. § 1502.14(a). Dubois argues that the Forest Service unreasonably failed to explore alternative sites for water storage. He notes his suggestion that Loon build underground water storage tanks and also refers to other general suggestions that alternatives for water storage be explored. The Forest Service responds that it did not consider the construction of huge underground storage tanks to be a reasonable alternative both because of size and in light of the likely environmental impact of the construction process and the use of only East Branch water for snowmaking.

NEPA requires discussion of alternatives that are reasonable and appropriate for the purpose proposed, but does not require consideration of remote, speculative, fanciful or hypothetical alternatives. Valley Citizens, 886 F.3d at 461. Dubois has not shown that he or any other commentator offered specifics as to how to implement a suggested alternative water storage system. Given the Forest Service's concerns about the feasibility of Dubois' suggestion, the omission of that alternative does not invalidate the EIS.

## CONCLUSION

For the foregoing reasons plaintiff's motion for a preliminary injunction (document no. 12) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

June 30, 1995

cc: Roland C. Dubois, pro se
Jed Callen, Esq.
Melanie Aureilia Williams, Esq.
Joel Demetrius Armstrong, Esq.
T. David Plourde, Esq.
Sylvia Quast, Esq.
Jonathan McNeal, Esq.
James Kruse, Esq.